RETURN DATE: _____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                                    Chapter 7
                                                                                          Case No.: 14-70190-reg
JAMES J. BORDONARO
----------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed application of Jennifer L. Coden, Esq. on behalf of Fido's Fences, Inc., a hearing will be held before the Hon. Robert E. Grossman, a Bankruptcy Judge, to consider the Motion for an Order granting relief as follows:

1. Denying the claim of a Homestead Exemption on the debtor's property located at 1705 North Gardiner Drive, Bay Shore, New York 11706, as listed under "Schedule C - Property Claimed As Exempt" in the Debtor's bankruptcy filing; and

2. granting such other and further relief as this Court may deem just and proper.

**Date and time of hearing:** _____

Location:    U.S. Bankruptcy Court
             290 Federal Plaza
             Central Islip, New York 11722

Dated: November 26, 2014

_____
JENNIFER L. CODEN, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                              Chapter 7
                                                                                        Case No.: 14-70190-reg
JAMES J. BORDONARO

-------------------------------------------------------X

## APPLICATION IN SUPPORT OF MOTION

To the Honorable Robert E. Grossman, Bankruptcy Judge:

 I, Jennifer L. Coden, Esq., herein make this application in support of a motion for the following relief pursuant to Federal Rule of Bankruptcy Procedure Rule 4003(b)(1):

  A. Denying the claim of a Homestead Exemption on the debtor's property located at 1705 North Gardiner Drive, Bay Shore, New York 11706, as listed under "Schedule C - Property Claimed As Exempt" in the Debtor's bankruptcy filing; and

  B. Granting such other and further relief as this Court may deem just and proper.

 In support of the within motion, your Deponent hereby states and alleges as follows:

  1. The Debtor, James J. Bordonaro (hereinafter referred to as the "Debtor"), has filed for Bankruptcy under Chapter 7 of the United States Bankruptcy Code (see January 20, 2014 Bankruptcy Filing annexed hereto as **Exhibit "1"**).

  2. Within said filing, the Debtor listed on "Schedule C - Property Claimed As Exempt," two (2) parcels of real property: 1705 North Gardiner Drive, Bay Shore, New York 11706 (hereinafter referred to as "Business Property"); and 1707 North Gardiner Drive, Bay Shore, New

York 11706 (hereinafter referred to as "Residence Property" or "Residential Property") (see Schedule C of Debtor's bankruptcy filing, previously annexed hereto as **Exhibit "1"**).

3. Upon information and belief, the Debtor is attempting to evade creditors including but not limited to Fido's Fences, Inc., claiming that Debtor's Business Property: 1705 North Gardiner Drive, Bay Shore, New York is his residence.

### Brief Background: Money Judgment

4. The Debtor was the Defendant in an underlying matter, <u>Fido's Fences v. James Bordonaro and Advanced Graphics Design & Engineering</u>, Index No.: 22696/2009.

5. Fido's Fences, Inc. was issued an Order on summary judgment and a trial was held for the sole issue of damages due and owing to Fido's Fences, Inc. by Debtor.

6. During said trial for the calculation of damages, the parties came to an agreement, the terms of which were memorialized within a Stipulation of Settlement which was placed on the record and subsequently So Ordered by Honorable Dana Winslow on October 12, 2012 (see So-Ordered Stipulation of Settlement, annexed hereto as **Exhibit "2"**).

7. Due to Debtor's non-payment, Fido's Fences, Inc. received a money judgment in the amount of $132,900.00 entered by the Clerk of the County of Nassau which was subsequently recorded and filed in both Nassau and Suffolk Counties.

8. On March 8, 2013 judgment was entered in favor of Fido's Fences, Inc. and against Advanced Graphics Design & Engineering and James Bordonaro, the Debtor, for $132,900.00 plus interest (see Money Judgment annexed hereto as **Exhibit "3"**).

### Proof of Debtor's Residence: 1707 North Gardiner Drive, Bay Shore, New York
### (Residential Property)

9. Upon review of the October 12, 2012 transcript of the proceedings before Honorable Dana Winslow, the Debtor stated on the record that his home address is the Residential Property (see excerpt of transcript, page 1, previously annexed hereto as **Exhibit "2"**).

10. Accordingly, within the money judgment entered against the Debtor, it was noted that the Debtor resides at 1707 North Gardiner Drive, Bay Shore, New York 11706 (see Money Judgment previously annexed hereto as **Exhibit "3"**).

11. Debtor has a history of falsifying and misrepresenting information including, but not limited to his address on Federal documents. Debtor also has a history of evading this Court's Orders and failing to comply with discovery.

12. At the original Meeting of Creditors on February 18, 2014, Debtor was asked to provide a copy of his current New York State license, which was also produced at Debtor's Rule 2004 Examination, Debtor's address was listed as the Residential Property, not the Business Property as Debtor indicated within his Bankruptcy Petition (Debtor's license was issued on July 26, 2010 and expires on July 3, 2018) (see pages 7-8 of 2004 Examination annexed hereto as **Exhibit "4"**).

13. The income tax returns of Debtor for the years 2012, 2011, 2010, 2009 and 2008 all state that the home address of Debtor is the Residential Property and that Debtor's "business address" is the Business Property. Furthermore, Debtor's 2013 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return indicates that Debtor's address is the Residential Property (see first pages of Debtor's 2012 - 2008 income tax returns as well as Debtor's 2013 Extension request annexed hereto as **Exhibit "5"**).

14. According to the New York State Office of Temporary and Disability Insurance SNAP Application / Recertification completed and signed by Debtor's Wife, the "residence address" of the Bordonaro family is the Residential Property: 1707 North Gardiner Drive, Bay Shore, New York 11706 (see copy of SNAP Application / Recertification, annexed hereto as **Exhibit "6"**). Upon information and belief, said SNAP Application / Recertification was filed in 2014 however, it is difficult to decipher the date from the copy provided by Debtor however, as discussed further herein, it is simply another example that Debtor's evidence contradicts his 2004 Examination testimony and bankruptcy filing that the Debtor has not resided at the Business Property for approximately ten (10) years.

15. On August 13, 2014, two (2) days prior to the Debtor's 2004 Examination, the Debtor's Wife completed a Medicaid Renewal in which she stated that she lives at the Residential Property in direct contradiction to Debtor's Petition and then Debtor's testimony taken two (2) days later AT Debtor's 2004 Examination (see Medicaid Renewal Application dated August 13, 2014 annexed hereto as **Exhibit "7"**). Within said Medicaid Renewal, Debtor's Wife further indicates that seven (7) children as well as the Debtor reside at the Residential Property, again differing from the facts Debtor stated under oath as well as what was sworn to within Debtor's Bankruptcy filing.

16. Further, on page 6, question 7 of the August 13, 2014 Medicaid Renewal, Debtor's Wife replies "No" to the question: "Since you last applied / renewed, has the spouse or parent of someone renewing moved out of the home?" affirming that Debtor continues to reside at the Residential Property instead of the Business Property as the Debtor indicated within his Petition filed eight (8) months prior (see Medicaid Renewal form previously annexed hereto as **Exhibit "7"**). Debtor's own Wife swears and disclaims Debtor's statements.

17.	Accordingly, two (2) days after Debtor's Wife swore to the accuracy of the Medicaid Renewal, on August 15, 2014 Debtor testified at his 2004 Examination that he resided at the Business Property with his Wife, Loretta Bordonaro, and seven (7) children and that his son Christopher has been residing at the Residential Property for approximately six (6) months (see page 6 of the 2004 Examination Transcript annexed hereto as **Exhibit "4"**). Upon information and belief, Debtor's attorney properly advised Debtor, while preparing for his 2004 Examination, that Debtor's Official Form B6J of Debtor's Bankruptcy Filing in January 2014, "Schedule J: [Debtor's] Expenses", Debtor listed seven (7) children as dependents, and marked the respective boxes indicating that each and every one of those children resided with Debtor at the Business Property however, the documents and information Debtor submitted responsive to Creditor's Request for Documents from James Bordonaro, further contradicts Debtor's Petition and Examination.

18.	Debtor submitted several pictures with notes prior to his 2004 Examination: "Boys Master Bedroom at 1707" (Residential Property); "Joseph 1707 Bedroom" (Residential Property); "1707 Anthony Bedroom Different View" (Residential Property) (see pictures provided by Debtor annexed hereto as **Exhibit "8"**). Again, Debtor's own documents production contradicts his Examination testimony and Bankruptcy Petition. It is unknown why Debtor would provide "evidence" with handwritten notes that his children reside at the Residential Property while the Bankruptcy Petition and Debtor's 2004 Examination were that the boys reside at the Business Property.

19.	Additionally, one of Debtor's sons whom Debtor represented within his Petition resides at the Business Property, Joseph Daniel Bordonaro, affirms and attests that he actually resides at 1707 North Gardiner Drive (Residential Property), and not at 1705 North Gardiner Drive

(Business Property) which contradicts Debtor's Petition and Examination (see Joseph Daniel Bordonaro statement annexed hereto as **Exhibit "9"**).

20.     Further, Debtor submitted an affidavit from Martin Peter Sperduto dated February 19, 2014, stating that Mr. Sperduto, allegedly a friend of Debtor's family, who attests to the fact that in June 2013, he moved into Debtor's home at 1705 North Gardiner Drive (Business Property), and in August 2013 moved into 1707 North Gardiner Drive (Residential Property) (see Martin Peter Sperduto statement annexed hereto as **Exhibit "10"**). Debtor did not disclose the fact that Mr. Sperduto allegedly lives at the Residential Property during the Examination nor has Debtor indicated whether or not he is receiving or whether he has received rent or other compensation for Mr. Sperduto's accommodations.

21.     Additionally, Debtor submitted an undated affidavit from Joseph Micheli, attesting to the fact that he has "known the Bordonaros [affirmant's] whole life," and that the Debtor and his spouse live in 1705 North Gardiner Drive (Business Property), while two of the Debtor's sons, "Joe And [sic] Anthony" reside in 1707 North Gardiner Drive (Residential Property) (see statement of Joseph Micheli, annexed hereto as **Exhibit "11"**). Nowhere in the affidavit does the affirmant state that the Debtor's son Christopher resides at the Residential Property. Additionally, although the affirmant states that he resides on the same street as the Debtor and his family, the affirmant repeatedly misspells the name of his own street and that of the Debtor. Upon information and belief, the Debtor enlisted numerous family members and friends in order to perpetuate a fraud against this Court.

22.     Debtor, to date, continues to provide false and misleading information regarding the two (2) properties, under oath, which contradict one another as well as his Petition and 2004

Examination testimony. Debtor has provided materially false and fraudulent pretenses, representations, and promises to the Creditor and upon information and belief, to the Federal government as well.

23. Further, upon review of Debtor's application Making Home Affordable Program, Request for Mortgage Assistance (hereinafter referred to as "RMA") dated November 25, 2012 executed by Debtor, Debtor represents that his home address is the Residential Property and that he does not own any other single family properties other than his principal residence - the Residential Property (see annexed RMA filing annexed hereto as **Exhibit "12"**). Debtor's misrepresentations and false statements are in violation of Title 18, United States Code § 1014.

24. As evidenced by the Quitclaim Deed dated December 12, 2007 certified on January 21, 2014, Debtor was and remains the owner of the Business Property (see Quitclaim Deed for 1705 North Gardiner Drive, Bay Shore, New York, annexed hereto as **Exhibit "13"**). Given that Debtor misrepresented information on his RMA application, which he certified was truthful, it is unknown what other misrepresentations Debtor has made to this Court and what other assets Debtor has in his possession. When the issue of the RMA was addressed at Debtor's 2004 Examination, the Debtor testified that while he certified that all information was truthful within the RMA filing, ".... the lawyer at the time told us to claim that it was our home, our primary residence. I made a mistake –." When asked if he recalled the lawyer's name, the Debtor stated "No" (see pages 55-69 of the 2004 Examination annexed hereto as **Exhibit "4"**).

25. While Debtor admits that he knowingly submitted false information which may violate federal and other applicable law, the Debtor did so to serve his own interest at that time. Upon information and belief, Debtor has falsified his Petition and various schedules to serve his

current interest.

26. The March 8, 2013 correspondence to Debtor from Quick Funding private money lender indicates that the Debtor's residential address is 1707 North Gardiner Drive, Bay Shore, New York 11706 (Residential Address) and that the collateral the Debtor offered is 1705 North Gardiner Drive, Bay Shore, New York 11706 (Business Property). The correspondence is signed by Debtor and dated March 10, 2013 (see correspondence titled "Commitment to Fund Loan # LJB 1-053" dated March 8, 2013, annexed hereto as **Exhibit "14"**).

27. On April 9, 2013 and July 17, 2013, the Suffolk County Clerk's Office confirmed James Bordonaro resided at 1707 North Gardiner Drive, as well as ran his business from the same address (see Judgment- Retrieval Report, dated April 9, 2013 and July 17, 2013 annexed hereto as **Exhibit "15"**).

28. An abstract of title record for the Debtor's 1999 Ford vehicle demonstrates that the vehicle owner– the Debtor– lives at 1707 North Gardiner Drive, in Bay Shore, New York, Debtor's Residential Address (see abstract of title record dated April 12, 2013, annexed hereto as **Exhibit "16"**).

29. Additionally, the deed which conveyed the Business Property: 1705 North Gardiner Drive in Bay Shore states that James J. Bordonaro resides at the Residential Property: 1707 North Gardiner Drive, and in fact acquired the Business Property while already residing at the Residential Property (see Quitclaim deed conveying the premises known as 1705 North Gardiner Drive, annexed hereto as **Exhibit "13"**).

30. Further, on May 28, 2013, Riverdale Funding, LLC confirmed the terms of a second Commercial Loan for which the Debtor had applied against the Business Property. Within the

Commercial Loan terms, Debtor was required to supply, prior to the loan closing date, proof of valid leases for the Business Property which upon information and belief were provided by Debtor as he attended a closing in June 2013 (see copy of Riverdale Funding, LLC Commercial Loan application for Advanced Graphics Design & Engineering, Inc. [Debtor's business] annexed hereto as **Exhibit "17"**; and pages 41 - 42 of Debtor's 2004 Examination transcript wherein he acknowledges attending the June 2013 closing as **Exhibit "4"** ).

31.    On September 19, 2013, the Sheriff of Suffolk County, New York notified the Debtor James Bordonaro that the Sheriff's Office had on file a Judgment Execution relating to the Fido's Fences, Inc. v. Advanced Graphics and James Bordonaro lawsuit, and further notified Debtor that if the amount of $146,958.55 was not paid within fourteen (14) days in order to satisfy the judgment, the Sheriff would proceed with a Notice of Publication and Sale of Real Property (see correspondence of Suffolk County Sheriff dated September 19, 2013, annexed hereto as **Exhibit "18"**). It should be noted that correspondence and notices regarding the money judgment, property execution, and Sheriff's notifications were sent to the Debtor at the Residential Property: 1707 North Gardiner Drive, and the Debtor has never claimed non-receipt or improper service of same.

32.    This Court should be made aware that the Residential Property is mortgaged and upon information and belief, foreclosure proceedings may have been commenced. However, the Business Property is unencumbered by a mortgage or lien other than the security interest held by Fido's Fences, Inc. Please see the attorney search purchased by your Deponent showing a free title on the Business Property is annexed hereto as **Exhibit "19"**.

33.    Moreover, Debtor testified at his 2004 Examination that he has never considered selling the Business Property because of his desire to retain the property despite his current financial

obligations and bankruptcy filing. During Debtor's Rule 2004 Examination, counsel for Creditor Fido's Fences, Inc. specifically asked the question: "Did you ever consider selling the house that was free and clear?" to which Debtor responded "No" (see page 107 of Debtor's Rule 2004 Examination, previously annexed hereto as **Exhibit "4"**). When counsel for Creditor Fido's Fences, Inc. inquired of Debtor why he had not considered selling his valuable asset in order to pay his debts, Debtor replied that it is his parents' home, so Debtor would like to keep it (see page 107 of Debtor's Rule 2004 Examination, previously annexed hereto as **Exhibit "4"**). Debtor further stated that he did not make any attempt to sell either property (Id.). Upon information and belief, Debtor is attempting to defraud this Court and his various Creditors retaining both the Business and Residential Property despite his outstanding financial obligations. Apparently, Debtor is of the mistaken belief that he can accrue debt without consequence, if Debtor is permitted to claim the Business Property under the Homestead Act, he is setting an example for others to recklessly spend without repercussion.

34. Debtor's recklessness is apparent throughout his various filings in which he appears to give little credence to maintaining his ruse. While the Debtor testified at his Rule 2004 Examination that he has resided at the Business Property for "approximately ten years now", the Debtor's Answer to Creditor Fido's Fences, Inc. Complaint in the instant proceeding states that Debtor has resided at the Business Property for only eight (8) years (see page 5 of Debtor's Rule 2004 Examination, previously annexed hereto as **Exhibit "4"**; see Debtor's Answer, annexed hereto as **Exhibit "20"**).

35. In an attempt to defraud this Court and circumvent the creditors holding a mortgage on the property at the Residential Property, Debtor is now attempting to claim the homestead exemption for the Business Property, which is free and clear, in connection with his bankruptcy

proceeding.

36. Upon information and belief, the Debtor will claim whichever address he feels will be most beneficial to his interests, regardless of the truth in an attempt to defraud creditors as well as this Court. Perhaps Debtor will later claim that counsel advised him to misrepresent information within his filing to suit his current needs and then state that it was a "mistake" - consistent with Debtor's past filings with the Federal Government made under oath.

<u>Instant Proceeding: Bankruptcy</u>

37. On "Schedule C - Property Claimed As Exempt," the Debtor attempts to claim the Business Property located at 1705 North Gardiner Drive, Bay Shore, New York 11706 under the Homestead Exemption of New York Civil Practice Laws and Rules §5206, which defines real property exempt from application to the satisfaction of money judgments (see Schedule C of Debtor's Bankruptcy filing, previously annexed hereto as **Exhibit "1"**).

38. New York Civil Practice Law and Rules §5206(c) provides that the suspension of occupation affects one's declaration of a homestead. The homestead exemption ceases if the property ceases to be occupied as a residence by a person for whose benefit it may so continue, except where the suspension of occupation is for a period not exceeding one year, and occurs in consequence of injury to, or destruction of, the dwelling house upon the premises.

39. Even where the Debtor may have previously resided at the Residential Property and now allegedly resides at the Business Property, which is not the case, all evidence provided by the Debtor himself proves that Debtor has not resided at the Business Property for any length of time, as evidenced by the address the Debtor's providing the Residential Property: 1707 North Gardiner Drive, Bay Shore, New York as his residence in legal papers, on the record to the Court (see October

12, 2012 first page of the transcript of the Stipulation placed on the record previously annexed hereto as **Exhibit "2"**), and in other official documents. Accordingly, the Debtor's representation that he resides at the Business Property is fallacious, and upon information and belief is merely a ruse to enable the Debtor to evade the foreclosure of the property on which Fido's Fences, Inc. holds a lien.

40.     Further, this Court cannot forget that only after Debtor's 2004 Examination on August 15, 2014, wherein counsel addressed the numerous deficiencies within Debtor's bankruptcy filing, did Debtor's attorney amend his bankruptcy petition - ten (10) months after Debtor's initial filing - in order to properly list Fido's Fences, Inc. on Schedule "D" (see Answer to Fido's Fences, Inc.'s complaint filed by Debtor's attorney, previously annexed hereto as **Exhibit "20"**).

41.     Additionally, Debtor amended his filing to correct his misrepresentation that he listed Fido's Fences, Inc. as an unsecured creditor, as opposed to a secured creditor (see Answer to Fido's Fences, Inc.'s complaint filed by Debtor's attorney, previously annexed hereto as **Exhibit "20"**).

42.     At the August 15, 2014 2004 Examination, at which Debtor was represented by counsel, Debtor responded to the question "Do you believe the information contained within this bankruptcy filing is true and accurate?" to which Debtor responded "at the time, yes" (see page 79 of Debtor's Rule 2004 Examination, previously annexed hereto as **Exhibit "4"**).

43.     Upon information and belief, Debtor will make attestations, swear to any fact, and compel others to submit sworn statements of falsehoods in order to suit his needs at a given time. Debtor has admitted that he is willing to state whatever deception necessary in order to preserve his assets and protect same from legitimate creditors; for instance, during Debtor's Rule 2004 Examination, when confronted with a blatant falsehood Debtor stated that he doesn't see his misrepresentations as "not telling the truth," merely stating what he needed to in order to fulfill his

own goals (see page 62 of Debtor's Rule 2004 Examination, previously annexed hereto as **Exhibit "4"**). This Court should not continue to permit Debtor to abuse the system and make a mockery of our Federal Law. Debtor has corrupted the protections afforded by United States Bankruptcy Law in order to maintain two (2) residences in addition to unknown and undocumented income, and yet be absolved of his debts. Debtor has acknowledged that he has lied on multiple federal documents.

44. Within Debtor's Petition, Debtor confirmed and attested to the truth and accuracy of his statements within his Petition including, but not limited to verifying that Debtor's schedules were accurate representations however, Debtor's filing contained inaccuracies which he amended only after counsel addressed the inconsistencies and inaccuracies.

45. In sum, on or about the dates set forth below, the Debtor did knowingly and fraudulently make a false oath or representation in and in relation to a case under Title 11 of the United States Code as follows:

| Date | Proceeding/ Document | Stated Residential Address |
|---|---|---|
| 2008 - 2012 | 2012, 2011, 2010, 2009 and 2008 Income Tax Returns | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| 2013 | 2013 Income Tax Extension Request | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| 2013 | 2013 New York State SNAP Application / Recertification (completed by Debtor's Wife) | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| 2014 | Debtor's 2013 Application for Automatic Extension of Time to File U.S. Individual Income Tax Return | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| 2014 | "Schedule C - Property Claimed As Exempt," of Debtor's Bankruptcy Filing | 1705 North Gardiner Drive Bay Shore, NY 11706 |

| | | |
|---|---|---|
| October 11, 2012 | Proceedings before Honorable Dana Winslow, in the underlying matter Fido's Fences, Inc. v. James J. Bordonaro, Index No.: 22696/2009 | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| November 25, 2012 | Making Home Affordable Program, Request for Mortgage Assistance | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| March 8, 2013 | QuickFunding Commitment to Fund Loan #LJB 1-053 | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| April 12, 2013 | Abstract of title record for Debtor's 1999 Ford Suburban | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| May 28, 2013 | Riverdale Funding, LLC Commercial Loan conditions | 1707 North Gardiner Drive Bay Shore, NY 11706 (as 1705 North Gardiner Drive is referred to as the business address) |
| January 20, 2014 | Official Form B6J of Debtor's Bankruptcy Filing, "Schedule J: [Debtor's] Expenses" | 1705 North Gardiner Drive Bay Shore, NY 11706 |
| February 18, 2014 | New York State Driver's License- Meeting of Creditors | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| August 13, 2014 | Medicaid Renewal Application, completed by Debtor's Wife on behalf of Debtor's family | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| August 15, 2014 | New York State Driver's License- Debtor's 2004 Examination | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| August 15, 2014 | Debtor's Testimony- Debtor's 2004 Examination | 1705 North Gardiner Drive Bay Shore, NY 11706 |
| 2014 | Pictures provided by Debtor to Creditor, with handwritten notes | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| 2014 | Affidavit of Joseph Daniel Bordonaro | 1707 North Gardiner Drive Bay Shore, NY 11706 |
| (undated) | Affidavit of Joseph Micheli | 1705 North Gardiner Drive Bay Shore, NY 11706 |

## Conclusion

46.     Debtor filed and caused to be filed false and fraudulent statements of his financial affairs, which he signed and caused to be signed as true and correct, under penalty of perjury, in which Debtor intentionally omitted and concealed material facts and provided false and misleading information.

47.     Debtor violated Title 18 of the United States Code, §157 devising or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so making a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under Title 11, at any time before or after the filing of the petition.

48.     As such, the Debtor has falsely claimed a homestead exemption on a property for which he uses exclusively for rental income and / or other commercial purposes, and therefore should be precluded from receiving such an exemption.

**WHEREFORE**, Jennifer L. Coden, Esq., prays for an Order granting the relief requested on behalf of Fido's Fences, Inc.

Dated: November 24, 2014

_____
JENNIFER L. CODEN, ESQ.