UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

James J Bordonaro

            Debtor.

**NOTICE OF MOTION FOR**
**TERMINATION OF AUTOMATIC STAY**

Case No.: 14-70190-reg
(Chapter 7)

Assigned to:
Hon. Robert E. Grossman
Bankruptcy Judge

      Please take notice that Nationstar Mortgage LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as trustee for CWMBS, Inc. Alternative Loan Trust 2003-18CB Mortgage Pass-Through Certificates, Series 2003-45, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on November 29, 2017 at 9:30 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, NY 11722 for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2) terminating the automatic stay as to movant's interest in real property commonly known as 1707 North Gardiner, Bayshore, NY 11706 and for such other relief as the Court may deem proper.

      **PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:   October 6, 2017
         Williamsville, New York

                                    Yours,

                                    By: /s/ Ehret A. VanHorn
                                    Ehret A. VanHorn, Esq.
                                    GROSS POLOWY, LLC
                                    Attorneys for Secured Creditor
                                    Nationstar Mortgage LLC as servicer for The
                                    Bank of New York Mellon f/k/a The Bank of
                                    New York as trustee for CWMBS, Inc.
                                    Alternative Loan Trust 2003-18CB Mortgage
                                    Pass-Through Certificates, Series 2003-45
                                    1775 Wehrle Drive, Suite 100
                                    Williamsville, NY 14221
                                    Telephone (716)204-1700

TO:

James J Bordonaro                   Debtor
1707 N Gardiner Drive
Bay Shore, NY 11706

Michael Thomas McNamara             Attorney for Debtor
538 Broadhollow Road, Suite 315
Melville, NY 11747

Kenneth I. Kirschenbaum             Chapter 7 Trustee
200 Garden City Plaza
Garden City, NY 11530

Christine H. Black, Esq.            U.S. Trustee
560 Federal Plaza, Suite 560
Central Islip, NY 11722

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  | **AFFIRMATION** |
|---|---|
| In Re: | Case No.: 14-70190-reg |
|  | (Chapter 7) |
| James J Bordonaro |  |
|         Debtor. | Assigned to: |
|  | Hon Robert E. Grossman |
|  | Bankruptcy Judge |

I, Ehret A.VanHorn, Esq am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Eastern District of New York and hereby state as follows:

1.      I submit the within Affirmation under penalty of perjury in support of the motion of Nationstar Mortgage LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as trustee for CWMBS, Inc. Alternative Loan Trust 2003-18CB Mortgage Pass-Through Certificates, Series 2003-45 ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 1707 North Gardiner Drive, Bayshore, NY 11706.

2.      Secured Creditor is the holder of a note executed by James J Bordonaro on or about the 27th day of May, 2003 in the principal amount of $186,900.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Suffolk County Clerk on the 15th day of September, 2003 in Liber M00020498 of Mortgages at Page 404 (the "Mortgage") covering the premises commonly known as 1707 North Gardiner Drive, Bayshore, NY 11706 (the "Mortgaged Premises"). A copy of the Note, Mortgage and Assignment, are annexed hereto as **Exhibit 'A'**. Prior to the filing of this motion, an attorney with Gross Polowy, LLC, reviewed the original note and certified that the attached copy is true and complete.

3.      On the 20th day of January, 2014 Debtor James J Bordonaro filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

4. The Note and Mortgage provide that the Debtor will be in default if they do not make full monthly payments on each due date. As of August 29, 2017, the Debtor is due for 17 payments in the amount of $1,640.52 each for the months of July 1, 2011 to November 1, 2012, 17 payments in the amount of $1,889.88 each for the months of December 1, 2012 to April 1, 2014, 6 payments in the amount of $1,889.08 each for the months of May 1, 2014 to October 1, 2014, 7 payments in the amount of $1,946.54 each for the months of November 1, 2014 to May 1, 2015, 14 payments in the amount of $1,912.42 each for the months of June 1, 2015 to July 1, 2016, 9 payments in the amount of $1,828.08 each for the months of August 1, 2016 to April 1, 2017 and 4 payments in the amount of $1,822.65 each for the months of May 1, 2017 to August 1, 2017 and has not cured said default. Furthermore, 3 payments due on September 1, 2017, October 1, 2017 and November 1, 2017 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

5. As of the 29th day of August, 2017 there is a total indebtedness on the Note and Mortgage in the sum of $269,455.87. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6. Based on the Debtor's Schedules attached hereto as **Exhibit 'C'**, said real property is valued at $165,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there is no equity in the premises.

7. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to Secured Creditor.

8.  Furthermore, Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from stay imposed by Section 362(a) if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." See, 11 U.S.C. § 362(d)(2)(A)-(B). Therefore, the Secured Creditor is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as there exists no equity in the Premises after costs of sale. The Secured Creditor submits that the Mortgaged Premises are not necessary for the effective reorganization of the Debtor as the instant case is a Chapter 7 liquidation case.

9.  A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

10. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:  October 6, 2017
        Williamsville, New York

Yours,

By: _____
Ehret A. VanHorn, Esq
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Nationstar Mortgage LLC as servicer for The Bank of New York Mellon f/k/a The Bank of New York as trustee for CWMBS, Inc. Alternative Loan Trust 2003-18CB Mortgage Pass-Through Certificates, Series 2003-45
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700